UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>William Meehan,            DEBTOR(S)<br><br>Address: 3552 Hartford Village Way, Mount Pleasant SC<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any):  4439 | CASE NO: 20-03105-dd<br><br>CHAPTER: 7<br><br><br>NOTICE OF MOTION/APPLICATION AND OPPORTUNITY FOR HEARING |

NOTICE OF MOTION TO AVOID JUDICIAL LIEN (11 U.S.C. § 522(F)(1)(A)) EQUITY ANALYSIS/ CO-OWNED PROPERTY

William Meehan, has filed papers with the court to Avoid the judicial lien of Ford Motor Credit Company, LLC because it impairs his statutory exemption under South Carolina law and is avoidable under 11 U.S.C. §522.

**Your rights may be affected**. **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to Avoid the Judicial lien pursuant to 11 U.S.C. § 522(F)(1)(A), or you want the court to consider your views on the MOTION TO AVOID JUDICIAL LIEN (11 U.S.C. § 522(F)(1)(A)) EQUITY ANALYSIS/ CO-OWNED PROPERTY, then within twenty-one (21) days of service of this notice, you or your attorney must:

File with the court a written response, return, or objection at:

1100 Laurel Street, Columbia, SC 29201

Responses, returns, or objections filed by an attorney must be electronically filed in ecf.scb.uscourts.gov.

If you mail your response, return, or objection to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Sean Markham, Markham Law Firm, LLC, PO Box 101, Mount Pleasant, SC 29465

Attend the hearing scheduled to be heard on **June 21, 2022, at 9:00 a.m.** at the United States Bankruptcy Court, **145 King Street, Room 225 Charleston, SC 29401**.

If no response, return, and/or objection is timely filed and served, no hearing will be held on this MOTION TO AVOID JUDICIAL LIEN (11 U.S.C. § 522(F)(1)(A)) EQUITY ANALYSIS/ CO-OWNED PROPERTY, except at the direction of the judge.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the MOTION TO AVOID JUDICIAL LIEN (11 U.S.C. § 522(F)(1)(A)) EQUITY ANALYSIS/ CO-OWNED PROPERTY and may enter an order granting that relief prior to the scheduled hearing date, if determined to be appropriate.

- 2 -

Date: 4/22/22            /s/ Sean Markham____
                        Sean Markham_____
                        PO Box 101, Mount Pleasant, SC 29465, (843) 284-3646,
                        sean@markhamlawsc.com
                        District Court I.D. Number 10145

UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>William Clifford Meehan<br><br><br><br><br><br>DEBTOR(S) | CASE NO: 20-03105-dd<br><br>CHAPTER: 7<br><br><br><br>MOTION TO AVOID JUDICIAL LIEN (11 U.S.C. § 522(F)(1)(A)) EQUITY ANALYSIS/ CO-OWNED PROPERTY[1] |
|---|---|

TO THE TRUSTEE (if one is appointed) AND JUDGMENT LIEN CREDITOR LISTED BELOW:

| Name of creditor and description of property securing lien | Total Equity (Value of debtor's property less senior/ unavoidable liens)[2] | Debtor's Equity (Total equity multiplied by debtor's proportional interest in property)[3] | Applicable Exemption and Code Section | Non-exempt Equity (Debtor's equity less exemption)[4] | Estimated judicial lien | Judicial lien not avoided | Judicial lien avoided[5] |
|---|---|---|---|---|---|---|---|
| Ford Motor Credit Company LLC,<br><br>Property: 3552 Hartford Village Way, Mount Pleasant SC | $118,443 | $59,221.50 | S.C. Code Ann. § 15-41-30(A)(1) | $0 | $677,970.72 | $0 | $677,970.72 |

    The debtor hereby moves, in accordance with 11 U.S.C. § 522(f)(1)(A), to avoid the judicial lien of the creditor(s) named above in the amount listed above on the grounds that the judicial lien impairs the exemptions to which the debtor would otherwise be entitled under 11 U.S.C. § 522(b) and Chapter 41 of Title 15, Code of Laws of South Carolina, 1976 (as amended). The undersigned certifies the following:

---

[1] This form is for use in chapter 7 and chapter 11 cases when the Court's equity analysis for co-owned property is applicable pursuant to In re Ware, 274 B.R. 206 (Bankr. D.S.C. 2001).

[2] Deduct any senior judicial liens for which the debtor and co-owner(s) are jointly liable here. Senior judicial liens encumbering debtor's interest only should be deducted from debtor's non-exempt equity.

[3] For example, for property owned in equal shares by two individuals, multiply by ½.

[4] Deduct any senior judicial liens encumbering debtor's interest only here. See Ware, 274 B.R. at 209 (stating that under the debtor's equity analysis, judicial liens according to their priority remain to the extent of available non-exempt equity and the remainder of judicial liens are avoided).

[5] The judicial lien is avoided to the extent that the estimated judicial lien exceeds the available non-exempt equity.

  (a) The judicial lien referenced above represents a judgment which has been recorded in a county in which the debtor owns real estate or in which there is a levy/attachment on personal property; and

  (b) The property on which the judicial lien is sought to be avoided is owned by the debtor and the debtor is entitled to an exemption therein.

Date: April 22, 2022        \_/s/ Sean Markham_____
              Signature of Attorney/*Pro Se* Debtor
              \_Sean Markham_____
              Typed Printed Name
              PO Box 101, Mount Pleasant, SC 29465
              (843) 284-3646
              sean@markhamlawsc.com
              \_10145_____
              District Court I.D. Number